UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JEANE GREGORY,

                    Plaintiff,

        v.

JOEL A. HARRIS, et al.,

                    Defendants.

Case No.  21-cv-03311-VKD

**ORDER GRANTING DEFENDANT JOEL HARRIS'S MOTION TO DISMISS**

Re: Dkt. No. 25

Before the Court is defendant Joel A. Harris's motion to dismiss plaintiff Jeane Gregory's complaint.  Dkt. No. 25.  Although the complaint names several other defendants in addition to Mr. Harris, Ms. Gregory has since dismissed all claims against the other defendants.  *See* Dkt. Nos. 57, 60.[1]  The Court finds this matter is suitable for resolution without oral argument.  Civil L.R. 7-1(b).

Having considered the parties' submissions and the record as a whole, the Court grants Mr. Harris's motion to dismiss with limited leave to amend.

I.      BACKGROUND

        Ms. Gregory alleges that Mr. Harris, an attorney, prepared her parents' estate plan, which included a will and trust.  Dkt. No. 1 at 2-3, 5.  In her will, Ms. Gregory's mother, Susana Sabado, named Ms. Gregory as the executor.  *Id.* at 2.  Her parents' trust, the Antonio and Susana Sabado Family Trust ("Trust"), named Ms. Gregory as the "sole successor trustee."  *Id.*

        Ms. Sabado died in March 2009.  *Id.*  After Ms. Sabado's death, Ms. Gregory alleges that

---

[1] All named parties have consented to magistrate judge jurisdiction.  Dkt. Nos. 21, 23.

contrary to the terms of the Trust, Mr. Harris sent a letter on March 26, 2009 to the Trust's

beneficiaries naming defendant John C. Glaser (deceased) as trustee of the Trust. *Id.* at 2, 4-6.

Mr. Glaser acted as trustee of the Trust until his death in 2016; Prime Fiduciary Services was

appointed trustee thereafter. *Id.* at 6. Ms. Gregory also alleges that Mr. Harris "hid" her mother's

will in violation of California Probate Code § 8200. *Id.* at 3.

Ms. Gregory says that in prior legal actions she has disputed the handling of her mother's

will and the administration of the Trust, but that her efforts have been ignored or were

unsuccessful. *Id.* at 2. Ms. Gregory refers to the following matters:[2]

- A "Petition to Remove Trustee" filed in May 2010 in *In re Antonio & Susana Sabado Family Trust, dated July 29, 1997*, No. 109PR166048 (Cal. Super. Ct. May 20, 2010);

- An eighty-page petition filed in October 2017 in *Antonio and Susana Sabado Family Trust dated July 29, 1997*, No. 17PR181622 (Cal. Super. Ct. Oct. 12, 2017);

- A federal court complaint filed in October 2019 in *Gregory v. Small & Loeb GCA Law Partners, et al.*, No. 4:19-cv-147-BR, ECF 38 (E.D.N.C. Feb. 20, 2020) (order dismissing her complaint for lack of personal jurisdiction and improper venue); and

- A federal court complaint filed in May 2020 in *Gregory v. Harris, et al.*, No. 4:20-cv-084-BR, ECF 43 (E.D.N.C. Oct. 7, 2020) (order again dismissing her complaint for lack of personal jurisdiction and improper venue).

*See* Dkt. No. 1 at 2.

Ms. Gregory filed this action pro se on May 4, 2021. Dkt. No. 1. Although the complaint

does not specify any discrete claims for relief against Mr. Harris, Ms. Gregory appears to assert

three bases of liability against him: first, that Mr. Harris defrauded Ms. Gregory's parents in an

effort to "steal" their estate, *id.* at 5; second, that Mr. Harris, as counsel to the now-deceased

---

[2] The Court takes judicial notice of these actions and the filings in them, as Ms. Gregory refers to these actions on page 2 of her complaint. Dkt. No. 1 at 2. Even if Ms. Gregory had not explicitly referenced these actions, the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation omitted); *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotation omitted); Fed. R. Evid. 201(c).

United States District Court
Northern District of California

1  former trustee Mr. Glaser, failed to enter her mother's will into probate, *id.* at 4, 6, 10; and third,

2  that Mr. Harris assisted Mr. Glaser in depriving Ms. Gregory of her position as successor trustee

3  of the Trust, *id.* at 6.

4        Mr. Harris filed a motion to dismiss the claims against him on June 7, 2021.  Dkt. No. 25.

5  Ms. Gregory's response to this motion was due on June 21, 2021.  *See* Civ. L.R. 7-3(a).  She did

6  not file a response by that date.  Instead, on June 24, 2021, Ms. Gregory filed a motion for

7  summary judgment against Mr. Harris, which she subsequently characterized as a response to Mr.

8  Harris's motion to dismiss.  Dkt. Nos. 42, 56.  Mr. Harris objected to the Court's consideration of

9  Ms. Gregory's motion for summary judgment as a belated opposition to his motion to dismiss,

10  although he addressed Ms. Gregory's arguments on the merits in a reply.  Dkt. No. 59, 61.  Ms.

11  Gregory then filed two sur-replies and a notice of errata, without first obtaining leave to file these

12  additional materials.  Dkt. Nos. 62, 63, 64.  She also filed a motion to amend/correct her "motion

13  for summary judgment" / opposition to Mr. Harris's motion to dismiss (Dkt. No. 65) and another

14  "reply" addressed to several pending motions (Dkt. No. 74).[3]  Most recently, Ms. Gregory filed a

15  second motion for summary judgment against Mr. Harris.  Dkt. No. 77.

16  **II.    DISCUSSION**

17        Mr. Harris moves to dismiss Ms. Gregory's claims against him on three grounds: first, for

18  lack of personal jurisdiction due to improper service of process; second, for failure to state a claim

19  on which relief may be granted; and third, because her claims are barred by the applicable statutes

20  of limitations.  Dkt. No. 25.  The Court addresses each in turn.

21        **A.    Service of Process**

22        Mr. Harris argues that the complaint should be dismissed pursuant to Rules 12(b)(4) and

23  12(b)(5) of the Federal Rules of Civil Procedure because the summons is defective and was not

24  properly served.

25        Rule 12(b)(4) concerns the form and content of the summons.  Fed. R. Civ. P. 12(b)(4);

26

27  ───────────────

28  [3] The Court stayed briefing on Ms. Gregory's motion for summary judgment against Mr. Harris on
June 25, 2021 (Dkt. No. 46), and continued this stay on July 6, 2021 (Dkt. No. 49).  Mr. Harris has
moved to strike Ms. Gregory's most recent reply.  Dkt. No. 76.

*United States District Court*
*Northern District of California*

*U.S.A. v. Nutrasource, Inc. v. CAN Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001).

"Dismissals for defects in the form of summons are generally disfavored." *Nutrasource*, 140 F.

Supp. 2d at 1052.  "Technical defects in a summons do not justify dismissal unless a party is able

to demonstrate actual prejudice." *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir.

1994) (citation omitted).

Mr. Harris argues that the summons is defective because, while the complaint names "Joel

A. Harris" as a defendant, it is addressed to "Joel A. Harris Law Offices," a different entity.  Dkt.

No. 25 at 2.  This argument is frivolous.  The issued summons is addressed to "Joel A. Harris,"

followed by a line break and then the words "Law Offices," with a street address, city, and state.

Dkt. No. 11.  Because it is clear that the summons is directed to Mr. Harris and not to his law

practice, the Court denies Mr. Harris's motion to dismiss under Rule 12(b)(4).

Rule 12(b)(5) concerns the method of service of process.  Fed. R. Civ. P. 12(b)(5);

*Nutrasource*, 140 F. Supp. 2d at 1052.  Where service is improper under Rule 4, the court has

discretion to either dismiss the action or quash service.  *Garcia v. Doe White Trucking Co.*, No.

20-cv-00134-SI, 2020 WL 1156911, at *2 (N.D. Cal. Mar. 10, 2020) (citing *S.J. v. Issaquah Sch.

Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006)).  "Rule 4 is a flexible rule that should be

liberally construed to uphold service so long as a party receives sufficient notice of the complaint."

*Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Benny v. Pipes*, 799 F.2d 489,

492 (9th Cir. 1986)).  Service must be made in substantial compliance with Rule 4.  *Id.* at 975.

Mr. Harris argues that Ms. Gregory failed to comply with Rule 4(e) because she did not

follow California law for serving a summons, Fed. R. Civ. P. 4(e)(1), or use any of the prescribed

alternatives, Fed. R. Civ. P. 4(e)(2)(A)–(C).  Specifically, although Mr. Harris acknowledges

receiving the summons and complaint, he contends that it was improper for Ms. Gregory to mail

these documents to his business address without first attempting to deliver them by personal

service.  Dkt. No. 25 at 2.  But California law provides that "[a] summons may be served by mail"

pursuant to Cal. C.C.P. § 415.30, and Mr. Harris cites no authority for his contention that a

plaintiff must first attempt service by personal delivery.  As the failure to provide personal service

is Mr. Harris's *sole* objection to the method of service, the Court denies his motion to dismiss

United States District Court
Northern District of California

1   under Rule 12(b)(5).

2       **B.**    **Failure to State a Claim**

3         Mr. Harris argues that the complaint fails to state a claim upon which relief may be

4   granted.  "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

5   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation*

6   *Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

7   729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

8   as true all well-pled factual allegations and construes them in the light most favorable to the

9   plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  While a

10  complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

11  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

12  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is

13  facially plausible when it "allows the court to draw the reasonable inference that the defendant is

14  liable for the misconduct alleged."  *Id.*  Where a plaintiff appears pro se, as in this case, the Court

15  must construe the plaintiff's pleadings liberally, holding them to "less stringent standards than

16  formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

17      **1.**    **Fraud against Ms. Gregory's parents**

18        Although the complaint does not expressly plead a fraud claim, Ms. Gregory alleges that

19  Mr. Harris, together with Mr. Glaser, "lied to [her] parents" "so they could steal [her parents']

20  estate!"  Dkt. No. 1 at 5.  Presumably, Ms. Gregory contends that she was harmed by Mr. Harris's

21  alleged misrepresentations to her parents by virtue of her role as a beneficiary of the Trust and as

22  the designated successor trustee.  *See* Dkt. No. 1 at 10.

23        "To state a claim for fraud under California law, a plaintiff must allege: (1) a

24  misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity

25  (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5)

26  resulting damage."  *Arena Restaurant and Lounge LLC v. Southern Glazer's Wine and Spirits,*

27  *LLC*, No. 17-CV-03805-LHK, 2018 WL 1805516, at *8 (N.D. Cal. Apr. 16, 2018) (quoting *Lazar*

28  *v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)).  As the action is now in federal court, Ms. Gregory

must plead her claim with particularity.  Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  This requires specificity, "including an account of the time, place, and specific content of the false representations as well as the identifies of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Ms. Gregory's complaint does not satisfy the heightened pleading requirements of Rule 9(b).  She does not identify the false statements she contends Mr. Harris made to her parents.  She does not plead any facts suggesting that Mr. Harris knew any such statements were false when they were made or that he intended to induce reliance by Ms. Gregory's parents on such statements.  As it is not clear what the alleged false statements are, it also is not clear whether Ms. Gregory's parents relied on the statements or whether Ms. Gregory or her parents were harmed as a result.  Because Ms. Gregory has not alleged facts sufficient for Mr. Harris or this Court to understand the bases for her allegations of fraud, the Court concludes that Ms. Gregory has failed to state a claim against Mr. Harris for fraud under Rules 9(b) and 12(b)(6).

### 2.    Failure to enter Ms. Gregory's mother's will into probate

Ms. Gregory also appears to contend that Mr. Harris failed to enter her mother's will into probate as required by California law.  Dkt. No. 1 at 4, 6, 10.  Under California Probate Code § 8200(a), "the custodian of the will shall, within 30 days after having knowledge of the death of the testator, do both of the following: (1) Deliver the will, personally or by registered or certified mail, to the clerk of the superior court of the county in which the estate of the decedent may be administered. (2) Deliver a copy of the will pursuant to Section 1215 to the person named in the will as executor, if the person's whereabouts is known to the custodian, or if not, to a person named in the will as a beneficiary, if the person's whereabouts is known to the custodian."  Under Probate Code § 8200(b), "[a] custodian of a will who fails to comply with the requirements of this section shall be liable for all damages sustained by any person injured by the failure."

Here, Ms. Gregory alleges that Ms. Sabado's will has "never ever been seen in California," because "Harris/Glaser had hidden away the Susana Sabado 'Last Will and Testament.'"  Dkt. No. 1 at 2, 6.  As a result, Ms. Gregory has "never had the opportunity to act as [her] mother's chosen/appointed Executor."  *Id.* at 5.  In his motion to dismiss, Mr. Harris asserts that all of Ms.

Sabado's assets were owned by the Trust, or later confirmed to the Trust by an order of the Santa Clara County Superior Court, dated February 11, 2010. Dkt. No. 25 at 7; Dkt. No. 25, Ex. 4. Mr. Harris argues that because trust assets are not subject to probate court jurisdiction in California, Ms. Gregory fails to state a claim regarding his handling of Ms. Sabado's will. Dkt. No. 25 at 7; Dkt. No. 25, Ex. 4.

The Court accepts as true all well-pled allegations of material fact in the complaint and construe them in the light most favorable to Ms. Gregory. *See Reese*, 643 F.3d at 690. The Court takes judicial notice of the February 11, 2010 state court order confirming Mr. Glaser as successor trustee and the transfer of certain assets to the Trust, as the court order is a matter of public record with a direct relation to these proceedings. *U.S. ex rel. Robinson Rancheria Citizens Council*, 971 F.2d at 248; *Mir*, 844 F.2d at 649; Fed. R. Evid. 201(c). However, it is not clear that the February 11, 2010 order compels a finding that Ms. Gregory fails to state a claim. While the parties appear to agree that Ms. Sabado's will was a "pour-over" will—i.e., a will under which all of the testator's assets not already included in a trust are transferred to the trust upon her death, Dkt. No. 42 at 6, Mr. Harris cites no authority for his assertion that such a will is not subject to California Probate Code § 8200(a). That statute makes no exception for wills that devise property to a trust. And while it appears that in some circumstances estate property may be distributed without awaiting probate of a will, *see, e.g.,* Cal. Prob. Code § 13100, Mr. Harris does not rely on this statute and has not shown that those circumstances are present here. Accordingly, it is not clear whether Ms. Sabado's non-trust assets qualified for transfer to the Trust without probate administration, or whether Ms. Sabado's will accomplished such a transfer. For this reason, the Court denies Mr. Harris's motion to dismiss Ms. Gregory's claim that he failed to enter Ms. Sabado's will into probate.

### 3. Assisting Mr. Glaser in depriving Ms. Gregory of her role as trustee

Finally, Ms. Gregory appears to contend that Mr. Harris assisted Mr. Glaser (the former trustee) in Mr. Glaser's alleged efforts to deprive Ms. Gregory of her position as successor trustee of the Trust. Dkt. No. 1 at 6. It is not clear what theory of liability Ms. Gregory relies upon, and Mr. Harris's motion to dismiss does not specifically address these allegations. *See* Dkt. No. 25.

United States District Court
Northern District of California

1    Construed liberally, Ms. Gregory's allegations may be understood as an attempt to state a

2    claim that Mr. Harris assisted Mr. Glaser in breaching a fiduciary duty owed to Ms. Gregory

3    and/or her parents.  The elements of a claim for aiding and abetting a breach of fiduciary duty in

4    California are: (1) "a third party's breach of fiduciary duties owed to plaintiff"; (2) "defendant's

5    actual knowledge of that breach of fiduciary duties"; (3) "substantial assistance or encouragement

6    by defendant to the third party's breach"; and (4) "defendant's conduct was a substantial factor in

7    causing harm to plaintiff." *The Richard Musgraves Bypass Trust v. Musgrave*, No. 15-CV-02280-

8    LHK, 2015 WL 6955013, at *14 (N.D. Cal. Nov. 10, 2015) (quoting *Nasrawi v. Buck Consultants

9    LLC*, 231 Cal. App. 4th 328, 343 (2014)).

10    The allegations of the complaint are insufficient to state a claim for aiding or abetting a

11    breach of fiduciary duty, if indeed, Ms. Gregory intends to plead such a claim, which is not clear.

12    **C.    Statute of limitations**

13    Mr. Harris argues that any claim arising from the theories of liability on which Ms.

14    Gregory relies is necessarily time-barred.  Dkt. No. 25 at 8; *see* also Dkt. Nos. 59, 61.  Ms.

15    Gregory does not address this argument in her opposition.

16    If the expiration of the applicable statute of limitations is apparent from the face of the

17    complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to

18    dismiss.  *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).  "A dismissal

19    motion should be granted, 'only if the assertions of the complaint, read with the required liberality,

20    would not permit the plaintiff to prove that the statute was tolled.'"  *Id.* (quoting *Jablon v. Dean

21    Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).  However, where the statute of limitations

22    question turns on factual issues that may be disputed, the question is more appropriately addressed

23    at a later stage of the proceeding.  *Jablon*, 614 F.2d at 682.

24    It appears from the allegations of the complaint that all three of Ms. Gregory's possible

25    claims may be barred by the applicable statutes of limitations.  First, to the extent Ms. Gregory

26    alleges that Mr. Harris committed fraud by making misrepresentations to her parents, the claim

27    must be brought within three years of the date the fraud is discovered.  *See* Cal. C.C.P. § 338(d);

28    *Stueve Bros. Farms, LLC v. Berger Kahn*, 222 Cal. App. 4th 303, 321–22 (2013).  Because Ms.

United States District Court
Northern District of California

1    Gregory does not plead facts identifying Mr. Harris's alleged misrepresentations or supporting the

2    other elements of her claim, it is not clear when the alleged fraud occurred or was discovered.

3    However, to the extent Ms. Gregory's fraud claim relies on the appointment of Mr. Glaser as

4    trustee, she concedes that she received notice of such appointment from Mr. Harris in a letter dated

5    March 26, 2009—more than 12 years before she filed her complaint in this action. *See* Dkt. No. 1

6    at 5–6.

7        Second, to the extent Ms. Gregory alleges that Mr. Harris failed to enter Ms. Sabado's will

8    into probate as required by California law, such a claim must be brought within one year after Ms.

9    Gregory discovered the alleged wrongdoing or within four years of the date on which the alleged

10   wrongdoing occurred, whichever is earlier. *See* Cal. C.C.P. § 340.6(a); *The Richard Musgrave*

11   *Bypass Trust*, 2015 WL 6955013, at *8-14 (applying the statute of limitations set forth in Cal.

12   C.C.P. § 340.6(a) to a claim for violation of Cal. Prob. Code § 8200 for failure to deliver a will to

13   probate within 30 days of learning of decedent's death); *see also Vafi v. McCloskey*, 193 Cal. App.

14   4th 874, 882–83 (2011) (Cal. C.C.P. § 340.6 applies to a plaintiff who is not a client of the

15   attorney but who has suffered injury as a result of the attorney's wrongful act or omission). Here,

16   Ms. Gregory says that in 2011, she discovered Mr. Harris's alleged concealment of her mother's

17   will when the will "appear[ed] in Arizona" "two years and four months after [her mother] had

18   passed away" in 2009. Dkt. No. 1 at 6. Thus, Mr. Harris's alleged failure to enter Ms. Sabado's

19   will into probate within 30 days of learning of Ms. Sabado's death occurred in 2009, and Ms.

20   Gregory learned of the alleged failure in 2011. Ms. Gregory was required to bring her claim

21   against Mr. Harris for failing to enter the will into probate in 2012, within one year of her

22   discovery of Mr. Harris's wrongdoing.[4] *See* Cal. C.C.P. § 340.6(a). Ms. Gregory filed her

23   complaint more than eight years after this date.

24       Third, to the extent Ms. Gregory claims that Mr. Harris assisted Mr. Glaser in breaching a

25   fiduciary duty owed to Ms. Gregory and/or her parents, such a claim must also be brought within

26   one year of the plaintiff's discovery of the facts constituting the wrongdoing, or within four years

27

28   _____
     [4] Although Ms. Gregory alleges willful concealment by Mr. Harris, Cal. C.C.P. § 340.6(a)(3) only
     tolls the four-year limitation, which is not applicable here.

9

from the date of the wrongdoing, whichever is earlier.  Cal. C.C.P. § 340.6(a).  Because Ms. Gregory does not plead facts sufficient to state a claim for aiding and abetting a breach of fiduciary duty, it is not clear when the alleged misconduct occurred or was discovered.  However, to the extent Ms. Gregory's claim relies on the appointment of Mr. Glaser as trustee, she concedes that she received notice of such appointment from Mr. Harris in a letter dated March 26, 2009— more than 12 years before she filed her complaint in this action.  *See* Dkt. No. 1 at 5–6.

Accordingly, it appears from the face of Ms. Gregory's complaint that all three of her possible claims may be barred by the applicable statutes of limitations.

## III.     LEAVE TO AMEND

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  It appears from the face of the complaint that Ms. Gregory's claim against Mr. Harris for failing to enter Ms. Sabado's will into probate is barred by the statute of limitations set forth in Cal. C.C.P. § 340.6(a).  Given Ms. Gregory's allegations regarding the date she learned of the facts giving rise to such a claim, the Court concludes that amendment would be futile, as she could not plead any additional facts that could render this claim timely.

However, it is not possible for the Court to conclude as a matter of law that the deficiencies described above with respect to Ms. Gregory's claims against Mr. Harris for fraud or for assisting Mr. Glaser in breaching a fiduciary duty to her and/or her parents could not be cured by amendment, as the allegations that comprise the bases for these claims have not been sufficiently pled.  Leave to amend is appropriate in these circumstances.

## IV.     CONCLUSION

The Court dismisses with prejudice Ms. Gregory's claim against Mr. Harris for failing to enter Ms. Sabado's will into probate.  The Court dismisses Ms. Gregory's remaining claims without prejudice.  Ms. Gregory may file an amended complaint addressing the deficiencies identified in this order by **February 7, 2022**.  Ms. Gregory may not assert any new federal or state claims against Mr. Harris or any other party, absent leave of Court.

10

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In view of the foregoing, the Court denies Ms. Gregory's motions for summary judgment and her motion to amend/correct her motion for summary judgment (Dkt. Nos. 42, 65, 77).  The parties' outstanding motions to stay and to strike are denied as moot (Dkt. Nos. 45, 76).

The Court encourages Ms. Gregory to seek out the assistance of the Federal Pro Se Program, which offers free legal information for pro se litigants.  While the Program does not provide legal representation, a licensed attorney may assist Ms. Gregory in determining whether she has viable claims and may provide guidance regarding how to properly plead them.  The Program's phone number is (408) 297-1480.  More information about the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

Ms. Gregory may also wish to consult a manual the Court has adopted to assist pro se litigants in presenting their case.  An online version of the manual, as well as other free information for pro se litigants, is available on the Court's website at https://cand.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

Dated: January 6, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge