UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEANE GREGORY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOEL A. HARRIS,<br><br>　　　　　Defendant. | Case No.  21-cv-03311-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 80 |

On January 6, 2022, this Court granted defendant Joel A. Harris's motion to dismiss plaintiff Jeane Gregory's complaint with limited leave to amend. Dkt. No. 78. Specifically, the Court gave Ms. Gregory leave to amend her claim for fraud, *see* Dkt. No. 78 at 5–6, 10, and her claim for breach of fiduciary duty or aiding and abetting a breach of fiduciary duty, *see id.* at 7–8, 10. The Court directed Ms. Gregory to file an amended complaint by February 7, 2022. *Id.* at 10.

On February 3, 2022, Ms. Gregory filed a document titled "Amendment - Motion for Summary Judgement." Dkt. No. 79. On March 3, 2022, without leave of the Court, she filed another document titled "First Amended Complaint," stating that her earlier filing had been a mistake. *See* Dkt. Nos. 83, 84.

Mr. Harris objects that Ms. Gregory's February 3, 2022 filing does not comply with the Court's prior order, and that her March 3, 2022 filing also does not comply and is untimely. *See* Dkt. Nos. 80, 85. To the extent the Court considers either or both of these filings, Mr. Harris moves again to dismiss Ms. Gregory's amended pleadings for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

The Court finds this matter is suitable for resolution without oral argument. Civil L.R. 7-

1(b). Having considered the parties' submissions, the record before the Court, and the applicable law, the Court grants Mr. Harris's motion to dismiss with prejudice.

## I.   BACKGROUND

Ms. Gregory's amended pleadings substantially reiterate the allegations of her original complaint. The Court summarized these allegations in its prior order and does not repeat them here. *See* Dkt. No. 78.

The Court notes that Ms. Gregory's most recent amended pleading (Dkt. No. 83), unlike the original complaint, includes five claims for relief: (1) fraud against Ms. Gregory's parents, (2) fraud against Ms. Gregory, (3) breach of fiduciary duty to Ms. Gregory's parents, (4) breach of fiduciary duty to Ms. Gregory, and (5) aiding and abetting a breach of fiduciary duty to Ms. Gregory. Dkt. No. 83. In addition, Ms. Gregory asks for $250,000 in compensatory damages and $5 million in punitive damages. *Id.* at 7-8.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss.

*Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Id.* at 678.

### III.  DISCUSSION

The Court agrees with Mr. Harris that Ms. Gregory's February 3, 2022 amended summary judgment motion does not comply with the Court's prior order. However, as Ms. Gregory is pro se, the Court liberally construes her February 3, 2022 filing as an effort to amend her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court also agrees with Mr. Harris that Ms. Gregory's March 3, 2022 filing does not comply with the Court's prior order because it was filed nearly one month after the deadline. The Court will not consider this belated filing except for the purpose of assessing whether any further amendment of the complaint would be futile.

Having carefully considered Ms. Gregory's February 3, 2022 pleading, the Court concludes that it does not plausibly state any facts that could support timely claims for fraud or for breach of fiduciary duty.

With respect to her fraud claim, this amended pleading does not identify any false or misleading representations by Mr. Harris. The amended pleading adds allegations that Mr. Harris's engagement with Ms. Gregory's parents should be viewed with suspicion because his law office was 70 miles from the place where she met with Ms. Gregory's parents about their estate, and other attorneys with local offices could have performed the same services. *See, e.g.,* Dkt. No. 79 at 12–14. However, these additional allegations do not address the deficiencies outlined in the Court's prior order. Dkt. No. 78 at 8–9.

With respect to her claim that Mr. Harris breached his fiduciary duty by depriving (or assisting Mr. Glaser to deprive) Ms. Gregory of her position as successor trustee, the amended pleading indicates that Ms. Gregory relies on the duty owed by a lawyer to his client. *See* Dkt. No. 79 at 11-12. The nature of the alleged breach is not clear as it concerns Ms. Gregory, who does not claim to have ever been Mr. Harris's client. As to duties that may have been owed to her parents, Ms. Gregory repeats her allegations that Mr. Harris failed to enter her mother's will into

3

probate in California and that Mr. Glaser should not have been named as trustee of the Trust, but the connection between those events and a duty Mr. Harris may have owed to Ms. Gregory remains murky.

As to both claims, Ms. Gregory's February 3, 2022 amended pleading confirms that she learned all of the facts on which she relies for her fraud claim by March 26, 2009, and that she learned all of the facts on which she relies for her fiduciary duty claim by either March 26, 2009 or sometime in 2011. *See* Dkt. No. 79 at 3, 15. Ms. Gregory says that she only discovered that her prior allegations fit a claim of fraud upon reading this Court's prior order. *Id.* at 11, 19 (citing "Fraud and Deceit," 34A Cal. Jur. 3d § 73). However, the statute of limitations is not tolled merely because a claimant knows the facts supporting her claim, but has not yet identified a legal theory. *See Britton v. Girardi*, 235 Cal. App. 4th 721, 725 (2015) ("[w]here there are facts sufficient to put one on inquiry notice, the fraud statute of limitations starts running even when the defendant is a fiduciary"); *see also* "Fraud and Deceit," 34A Cal. Jur. 3d § 73 ("[T]he statute begins to run after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry."). Nothing in Ms. Gregory's amended pleading suggests that there is any basis on which the statutes of limitations applicable to her claims might be tolled. *See* Dkt. No. 78 at 8-10 (discussing statutes of limitations).

For these reasons, the Court concludes that Ms. Gregory fails to state any claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

As noted above, the Court considers Ms. Gregory's late-filed March 3, 2022 pleading to determine whether it would be futile to give Ms. Gregory further leave to amend. This pleading relies on the same factual allegations presented in Ms. Gregory's original complaint and her February 3, 2022 amended pleading. The Court therefore concludes that permitting Ms. Gregory to amend her pleading further would be futile in these circumstances. *See Leadsinger, Inc. v. BMF Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) ("The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

4

1   virtue of allowance of the amendment, [and] futility of amendment.'") (citing *Foman v. Davis*, 371
2   U.S. 178, 182 (1962)).

**IV.   CONCLUSION**

For the foregoing reasons, the Court grants defendant's motion to dismiss all claims against Mr. Harris with prejudice.

**IT IS SO ORDERED.**

Dated: April 8, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge