UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JEANE GREGORY,

        Plaintiff,

v.

JOEL A HARRIS,

        Defendant.

Case No. 21-cv-03311-VKD

**ORDER GRANTING DEFENDANT JACKSON & EFTING'S MOTION FOR ATTORNEY FEES; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTIONS**

Re: Dkt. Nos. 68, 88

    Defendant Jackson & Efting moves for an award of attorneys' fees against plaintiff Jeanne Gregory pursuant to California Code of Civil Procedure § 425.16(c). Dkt. No. 68. Ms. Gregory opposes the motion. Dkt. No. 69. In addition, Ms. Gregory belatedly requests leave to file objections to Jackson & Efting's fees motion. Dkt. No. 88. The Court finds both motions suitable for decision without oral argument.[1] Civ. L.R. 7-1(b). For the reasons explained below, the Court grants Jackson & Efting's motion and denies Ms. Gregory's motion.

**I.    BACKGROUND**

    This action arises from disputes concerning the estate of Susan Sabado, Ms. Gregory's mother. As explained in prior orders, Ms. Sabado and her husband created a trust, called the Antonio and Susana Sabado Family Trust ("the Trust"). *See* Dkt. Nos. 78, 100. John C. Glaser served as trustee of the Trust until his death in 2016. Dkt. No. 1 at 2, 4–6, 8. Prime Fiduciary Services was appointed trustee thereafter. *Id.* at 6.

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 21, 36.

Attorney James Efting was retained by Prime Fiduciary Services to advise its principals on winding up the estate of Antonio and Susana Sabado. Dkt. No. 37-2 ¶ 4; Dkt. No. 1 at 7. On July 28, 2017, on behalf of Prime Fiduciary Services, Mr. Efting filed with the Santa Clara County Superior Court a "Petition for Order Instructing Trustee" concerning "how to distribute the remaining funds [Trustee Prime Fiduciary] has been able to locate to the beneficiaries," and requesting that a prior disbursement "adjustment" be made "to make up for the unequal distribution" received by Ms. Gregory from a prior sale of real property by the Trust. Dkt. No. 37-2 ¶ 5. The Superior Court granted the Petition in October 2017. Dkt. No. 1 at 8–9.

On May 4, 2021, Ms. Gregory filed this action against seven defendants, including Jackson & Efting, Mr. Efting's law firm. Dkt. No. 1. Although the complaint does not specify any discrete claims for relief against Mr. Efting or his firm, Ms. Gregory alleges that Mr. Efting's client, Prime Fiduciary Services, was improperly named as successor trustee of the Trust, and that by filing the petition on the trustee's behalf, Mr. Efting "was illegally representing the case" and ignoring language from the Trust stating that Ms. Gregory should be the sole trustee. Dkt. No. 1 at 7, 8, 9.

On June 21, 2021, Jackon & Efting filed a special motion to strike Ms. Gregory's complaint pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16(c). Dkt. No. 37.[2] Ms. Gregory did not oppose the motion to strike. *See* Civil L.R. 7-3(a) (opposition must be filed within 14 days). However, on July 30, 2021, Ms. Gregory filed a notice voluntarily dismissing Jackson & Efting and five other defendants from the action. Dkt. No. 60. She did not otherwise respond to the motion to strike.

On September 29, 2021, Jackson & Efting timely filed a motion seeking an award of attorneys' fees, contending that it should be considered a prevailing party for purposes of the anti-SLAPP motion. Dkt. No. 68; *see* Fed. R. Civ. P. 54(d)(2)(B)(i). On October 8, 2021, Ms. Gregory responded to the motion by repeating many of the allegations against Jackson & Efting

---

[2] The motion was initially filed at Dkt. No. 29 with an incorrect filing event selected, and then re-filed at Dkt. No. 37.

1  included in her original complaint, and concluding with the assertion that she wished to "reinstate"
2  her claim against the firm with a demand that Jackson & Efting pay her $20 million. Dkt. No. 69.
3  On October 19, 2021, Jackson & Efting filed a reply. Dkt. No. 70.[3]

4  Many months after briefing had closed on Jackson & Efting's motion, Ms. Gregory filed a
5  "Motion for Leave to Object Under Federal Rules of Civil Procedure 6 and Objection to Jackson
6  and Efting's Motion for Mandatory Attorneys' Fees." Dkt. No. 88. The Court addresses this
7  filing below.

## II. LEGAL STANDARD

California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. C.C.P. § 425.16(b)(1). Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). Further, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. C.C.P. § 415.16(c)(1). The award of fees and costs is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

Consideration of an anti-SLAPP motion requires two steps. The defendant must first show that the claim against it arose from protected activity. Cal. C.C.P. § 425.16(b)(1). Protected activity includes any statement or writing made before a judicial proceeding and any other conduct in furtherance of the exercise of the right of petition. Cal. C.C.P. § 425.16(e). If the defendant meets this burden, the plaintiff must then demonstrate that she has a probability of prevailing on the claim. Cal. C.C.P. § 425.16(b)(1); *Cabral v. Martins*, 177 Cal. App. 4th 471, 478, 483 (2009).

"[A] defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs under

---

[3] Ms. Gregory filed a document titled "Reply to Jackson & Efting's Document 70" on October 20, 2021. Dkt. No. 71. She was not entitled to file a sur-reply and she did not seek leave to do so. The Court does not consider this filing.

United States District Court
Northern District of California

subdivision (c) of that section." *Moore v. Liu*, 69 Cal. App. 4th 745, 751 (1999). A fee award under section 425.16 "is only justified when a defendant demonstrates that plaintiff's action falls within the provisions of subdivision (b) and the plaintiff is unable to establish a reasonable probability of success." *Id.* at 752. If this demonstration were not required, "then a plaintiff's voluntary dismissal of the action could have the effect of . . . entitling a defendant to such relief in a non-SLAPP action which was dismissed by the plaintiff for entirely legitimate reasons." *Id.* at 752–53.

## III. DISCUSSION

Jackson & Efting seeks an award of fees in the amount of $17,505 for work done in connection with its anti-SLAPP motion to strike (Dkt. No. 37). Dkt. No. 68. The Court first considers whether Jackson & Efting would have prevailed on the motion, and if so, what amount of fees should be awarded.

### A. Merits of Jackson & Efting's Anti-SLAPP Motion

The Court first considers whether Jackson & Efting would have prevailed on the motion to strike had Ms. Gregory not voluntarily dismissed her claim against the firm. The Court concludes that it would have.

First, Ms. Gregory's claim against Jackson & Efting was directed solely to Mr. Efting's protected speech or petitioning activity. Mr. Efting, as counsel to trustee Prime Fiduciary Services, represented the trustee's interests in state court. The conduct of which Ms. Gregory complains is limited to Mr. Efting's filing a petition and other statements made in the course of advocating his client's interests before the state court. "Under the plain language of section 425.16, subdivisions (e)(1) and (e)(2), as well as the case law interpreting those provisions, all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." *Cabral*, 177 Cal. App. 4th at 479–80. Here, Ms. Gregory's claim against Mr. Efting arises from his activities representing the trustee in connection with a petition for an order instructing the trustee. Dkt. No. 1 at 7–8. Thus, the act underlying Ms. Gregory's cause falls within the categories described in § 425.16(e)(1) and (e)(2), unless an exception applies. *See, e.g.,*

4

1   *Flatley v. Mauro,* 39 Cal. 4th 299, 320 (2006) (anti-SLAPP motion to strike not available where
2   assertedly protected speech or petition activity is illegal as a matter of law).
3         Second, Ms. Gregory has not demonstrated a probability of prevailing on any claim against
4   Jackson & Efting.  Because Ms. Gregory is pro se, the Court has an obligation to construe her
5   complaint and her opposition papers liberally.  However, even so construed, the Court can discern
6   no actionable claim for relief against Mr. Efting or his firm.  Rather, Ms. Gregory appears to have
7   named Jackson & Efting as a defendant solely because they represented trustee Prime Fiduciary
8   Services in the state court action involving her parent's trust, and she objects to the positions the
9   trustee took in that action.
10        Although she characterizes Mr. Efting's conduct as "illegal," she alleges no facts, and
11  identifies no evidence, that would support her characterization of Mr. Efting's conduct.
12  Specifically, Ms. Gregory alleges that Mr. Efting engaged in "illegal[] represent[ion] [of] the case"
13  when he "brought his 'Petition for Order Instructing Trustee.'"  Dkt. No. 1 at 7–8.  Her allegations
14  are limited to Mr. Efting's representation of the interests of his client, the trustee, in the state court
15  proceeding. Ms. Gregory has identified no actionable conduct by Mr. Efting or his firm, and fails
16  to rebut Jackson & Efting's showing that Mr. Efting's representation of the trustee is protected by
17  the litigation privilege.  For these reasons, Ms. Gregory has not demonstrated that she has any
18  probability of prevailing on any claim against Jackson & Efting.  *See Mohazzabi v. Wells Fargo*
19  *Bank, N.A.*, No. 21-cv-4234-JST, 2022 WL 595878, at *6 (N.D. Cal. Feb. 28, 2022) (litigation
20  privilege immunizes defendants from tort liability for statements made during arbitration);
21  *Bhambra v. True*, No. C 09-4685 CRB, 2010 WL 1758895, at *2 (N.D. Cal. April 30, 2010)
22  (claims challenging defendant's conduct in pursuing relief in state court were based on protective
23  activity); *Cabral*, 177 Cal. App. 4th at 479, 485–490 (holding that litigation privilege applied to
24  attorneys' actions to initiate proceedings to probate decedent's estate and administer her trust, as
25  well as to undertake a litigation defense for decedent's family); *cf. Flatley*, 39 Cal. 4th at 305
26  (communications that constituted criminal extortion as a matter of law were unprotected by anti-
27  SLAPP statute).
28        The Court suspects that Ms. Gregory did not understand, when she filed her complaint, that

her allegations implicated protected activity and could not support a claim for relief against Jackson & Efting. However, Jackson & Efting is not required to show that Ms. Gregory intended to chill the exercise of the rights of free speech and petition that the anti-SLAPP statute protects. *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 58 (2002).

Accordingly, the Court concludes that Ms. Gregory had no probability of prevailing on her claim against Jackson & Efting, and that Jackson & Efting's motion to strike would have been successful had Ms. Gregory not dismissed her claim against it.

### B. Mandatory Attorneys' Fees

A party who brings a successful anti-SLAPP motion is entitled to recover attorneys' fees in an amount that will adequately compensate the party for the expense of responding to a baseless lawsuit. *Ketchum*, 24 Cal. 4th at 1131; Cal. C.C.P. § 425.16(c). Fee awards are limited to work directly related to the motion to strike. *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) (citation omitted). Because Ms. Gregory has not objected to or proposed an alternative to the lodestar analysis, the Court considers the reasonableness of counsel's asserted hourly rates and hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

#### 1. Reasonable hourly rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by

lawyers of reasonably comparable skill, experience, and reputation. *Blum*, 465 U.S. at 896 n.11. Further, in examining cases to determine the prevailing market rate, the Court is required to consider cases that were decided relatively contemporaneously to the time the work was performed. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (noting that "in determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services"); *Bell v. Clackamas Cty.*, 858 F.3d 858, 869 (9th Cir. 2003) (holding that it was an abuse of discretion for the district court to apply rates in effect more than two years before the work was performed).

Jackson & Efting seeks fees based on the hourly rates of two attorneys: Alex Graft ($450/hour) and Ronald Oakes-Cunningham ($225/hour). Dkt. No. 68 at 8. According to their respective declarations, Mr. Graft is a partner with 16 years of experience defending legal malpractice and professional liability cases, and Mr. Oakes-Cunningham is an associate with one year of experience. Dkt. No. 68 at 11-12, 14. Defendant's counsel practice in the San Francisco Bay Area. *Id.* In addition, Mr. Graft cites four cases within the past 16 years in which he prepared anti-SLAPP motions and in which state courts sitting in counties within the Northern District of California and the Central District of California have approved hourly rates ranging from $350 to $450 for Mr. Graft, and $270 for an associate. *See* Dkt. No. 68 at 11–12.

The hourly rates Jackson & Efting asks the Court to approve are within the range of rates other judges in this District have recently approved for fee awards for successful anti-SLAPP motions. For example, in 2019, Judge Tigar determined in *Resolute Forest Products, Inc. v. Greenpeace Int'l*, No. 17-cv-02824-JST, 2019 WL 8377690, at *3 (N.D. Cal. Sept. 24, 2019) that hourly rates between $300 and $830 per hour were consistent with prevailing rates in the Bay Area legal market for defense counsel's time preparing anti-SLAPP motions and a motion for attorney's fees. Similarly, in 2021, Magistrate Judge Beeler determined in *Jiang v. KNTV Television LLC*, No. 21-cv-01293-LB, 2021 WL 4710717, at *4–6 (N.D. Cal. Oct. 8, 2021) that hourly rates between $336 and $744 for defense counsel's work in connection with an anti-SLAPP motion were "at or below the median range for lawyers of comparable experience doing comparable work in the Bay Area."

In view of this record, and given that Ms. Gregory did not object to the reasonableness of defendant's counsel's claimed hourly rates, *see generally* Dkt. No. 69, the Court is satisfied that the claimed rates are reasonable.

### 2. Hours reasonably expended

Jackson & Efting says that its counsel spent a total of 46 hours performing work directly related to the anti-SLAPP motion—31.8 hours for Mr. Graft, and 14.2 hours for Mr. Oakes-Cunningham. Dkt. No. 68 at 12. Although Ms. Gregory did not object to the reasonableness of the time counsel spent on these tasks, the Court has an independent duty to ensure that the number of hours supporting the fee request are reasonable. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992) (district court required to independently review plaintiff's fee request even absent defense objections). A court may reduce fees claimed if the documentation is inadequate, the submitted hours are duplicative or inefficient, or the requested fees appear excessive or otherwise unnecessary. *Hensley*, 461 U.S. at 434; *see also Chalmers*, 796 F.2d at 1210.

Here, neither Mr. Graft nor Mr. Oakes-Cunningham submitted detailed time records. *See* Dkt. No. 68 at 7, 11–13, 14–15. However, Mr. Graft attests that counsel excluded time not directly related to the preparation for, and of, the anti-SLAPP motion and the corresponding fee motion. *Id.* at 12. According to Mr. Graft, the claimed 31.8 hours of his time expenditures is for the following work from May 12 to September 29, 2021: formulating strategy specific to the anti-SLAPP motion, communicating with Mr. Efting about factual matters and strategy, analyzing the complaint and other pleadings filed by Ms. Gregory and co-defendants pertaining to the anti-SLAPP aspects of the case, editing and revising the moving papers for the anti-SLAPP motion, and preparing the fee motion. *Id.* at 13. According to Mr. Oakes-Cunningham, the claimed 14.2 hours of his time expenditures is for the following work from September 12 to September 29, 2021: analyzing the complaint, analyzing the anti-SLAPP motion, related legal research, and drafting the fee motion. *Id.* at 14–15. Both Mr. Graft and Mr. Oakes-Cunningham also describe the methodology they used to track and record their time spent working on these tasks.

The hours expended are adequately supported by the record. *See Hensley*, 461 U.S. at 437 (The applicant "is not required to record in great detail how each minute of his time was expended

but should identify the general subject matter of his time expenditures."); *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009) (where attorneys' declarations gave broad descriptions to the work provided by each attorney, court concluded that "[t]he law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records"). Moreover, the number of hours claimed are consistent with the number of hours that other judges in this District have found reasonable. *See Mohazzabi v. Wells Fargo Bank, N.A.*, No. 21-cv-04234-JST, 2022 WL 595878, at *7 (N.D. Cal. Feb. 28, 2022) (approving attorneys' fees for 47.2 hours incurred for anti-SLAPP motion and "directly related" motion to dismiss); *Smith v. Payne*, No. C 12-01732 DMR, 2013 WL 1615850, at *3 (N.D. Cal. Apr. 15, 2013) (approving attorneys' fees for 66.5 hours incurred for anti-SLAPP motion); *see also Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1249–51 (2006) (trial court did not abuse its discretion in concluding "approximately 50 hours or one attorney work week" was reasonable for anti-SLAPP motion and related fees motion).

Accordingly, the Court finds the 31.8 hours Mr. Graft spent and the 14.2 hours Mr. Oakes-Cunningham spent in connection with the anti-SLAPP motion and the fees motion are reasonable.

### 3. Lodestar calculation

Multiplying the reasonable hourly rates and the hours reasonably expended yields a lodestar amount of $17,505.00 as reflected in the following table:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Alex Graft | $450 | 31.8 | $14,310 |
| Ronald Oakes-Cunningham | $225 | 14.2 | $3,195 |
|  |  | **Total:** | $17,505 |

### C. Ms. Gregory's Motion for Leave

As noted above, on March 24, 2022, Ms. Gregory file a motion for leave to "object" to Jackson & Efting's fees motion. Dkt. No. 88. In support of her motion for leave, Ms. Gregory says that in 2021, when she responded to the fees motion, she did not really know what an anti-SLAPP motion was and could not afford counsel to advise her. *See* Dkt. No. 88 at 2. She says

9

that she "just learned of the financial gravity of the motion," and explains that she cannot afford to pay the amount demanded. *Id.*

The Court appreciates the difficulty that pro se litigants experience in navigating the civil justice system. However, Ms. Gregory does not explain why she did not appreciate the potential financial impact of Jackson & Efting's anti-SLAPP fees motion until March 2022. The fees motion includes a clear demand for an award of fees in the amount $17,505 and has been pending since September 29, 2021. Ms. Gregory opposed the motion in October 2021 but did not include any of the arguments that she now wishes the Court to consider in her opposition. She identifies no good cause for the Court to now entertain her belated objections or to require Jackson & Efting to respond to them.[4]

The Court also is sympathetic to Ms. Gregory's statement that she cannot afford to pay a fee award in the amount of $17,505. However, the Court does not have discretion to adjust the amount of the mandatory fee award to accommodate Ms. Gregory's ability to pay. Rather, the Court may only consider whether the amount of fees claimed is reasonable in view of the criteria described above.

For these reasons, the Court denies Ms. Gregory's motion for leave to file belated objections to Jackson & Efting's motion for an award of fees.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Jackson & Efting's motion for attorneys' fees in the amount of $17,505.00.

**IT IS SO ORDERED.**

Dated: April 18, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[4] The Court notes, however, that most, if not all, of the issues raised in Ms. Gregory's proposed objections are already addressed in this order.

10